IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIMITRIUS THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 15 cv 06465 |
| | ) | |
| v. | ) | Honorable Sharon Johnson Coleman |
| | ) | Judge Presiding |
| MICHAEL EVANS, SCOTT NODINE, WILLIAM SIMESTER, KENNETH NUSHARDT AND DEREK JABUREK, | ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Dimitrius Thomas, by counsel JAMES D. MONTGOMERY AND ASSOCIATES, LTD., alleges as follows:

### I. Jurisdiction And Venue

1. This is a civil action arising under 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. Sections 1331 and 1343 (a) (3).

2. The Northern District of Illinois is an appropriate venue under 28 U.S.C. Section 1391 (b) (2) because it is where the events giving rise to this claim occurred.

### II. Parties

3. Plaintiff, Dimitrius Thomas, is and was at all relevant times mentioned herein a prisoner of the State of Illinois in the custody of the Illinois Department of Corrections. He is currently, and was at all relevant times, confined in Stateville Correctional Center in Crest Hill, Illinois.

4. Defendants Michael Evans, Scott Nodine, William Simester, Kenneth Nushardt, and Derek Jaburek are Correctional Officers of the Illinois Department of Corrections who, at all times mentioned in this complaint, held the ranks of prison guard and were assigned to Stateville Correctional Center.

5. Each defendant is sued in his individual capacity. At all times mentioned in this complaint, each defendant acted under the color of state law.

### III. Facts

6. On August 26, 2013, the Stateville Tactical Team, which included Defendants Evans, Nodine, Simester, Nushardt and Jaburek conducted a shakedown of F House where Plaintiff Thomas resided.

7. On August 26, 2013, during the shakedown, Plaintiff, along with the other inmates housed in F House, were held in the dining hall. Plaintiff Thomas notified Defendant Evans, who oversaw the shakedown, that he needed to use the restroom in order to defecate and urinate, but Defendant Evans refused to allow Plaintiff to use the restroom. Plaintiff then complained due to pain, and Defendant Evans angrily responded and continued to deny Plaintiff Thomas access to the restroom.

8. Later that day, Plaintiff Thomas was taken back to his cell after the shakedown, and was notified by Officer Javier S. Babin that he was being moved from cell F210 to cell F203.

9. Plaintiff Thomas requested to speak with Sergeant Seivers, the sergeant over F house, in order to voice concerns about being transferred to F203 because Plaintiff Thomas was aware that F203 had a broken window and that he had reason to

2

believe that his new cell mate had a highly infectious disease. Plaintiff Thomas continued to pack his property, and waited at the entrance of cell F 210 for Sergeant Seivers in order to discuss the transfer.

10. While waiting for Sgt. Seivers, Plaintiff Thomas was approached by Defendant Evans. Defendant Evans asked Plaintiff Thomas if he was going to comply with the transfer order, and Plaintiff Thomas indicated that he would comply.

11. Despite Plaintiff Thomas' assurance to Defendant Evans that he was going to comply, Defendant Evans ignored Plaintiff Thomas' assurance, and without legal justification, activated and ordered the Stateville Tactical Team to physically remove Plaintiff Thomas from cell F210. As a result of Defendant Evans' order, Defendants Nodine, Simester, Nushardt and Jaburek came to cell F210 to physically remove Plaintiff Thomas, even though he did not resist or disobey any orders.

12. Prior to physically removing Plaintiff Thomas, without justification, from cell F210, Defendants Nodine, Simester, Nushardt and Jaburek showered Plaintiff Thomas with a toxic chemical agent, which caused him to choke, caused his skin to burn, caused his eyes to sting, and caused his breathing to be impeded.

13. Defendants Nodine, Simester, Nushardt and Jaburek then rushed Plaintiff Thomas with a shield, which forced Plaintiff Thomas to the back of Cell F210 and caused his head to slam into the bars of the cell window. Plaintiff Thomas sustained serious head injuries including swelling, bruising and lumps to his head.

14. Defendants Nodine, Simester, Nushardt and Jaburek then forced Plaintiff Thomas to the floor and began piling on him. Defendants then proceeded to choke Plaintiff Thomas around his neck, punch his body, knee and kick his body, and stomp his body, and the Defendants continued to do so even after Plaintiff Thomas' hands had been handcuffed behind his back and his legs had been shackled with leg irons.

15. Defendants Nodine, Simester, Nushardt and Jaburek then drug Plaintiff Thomas across the floor of cell F210 all the way to the shower. While in the shower, Defendants removed Plaintiff Thomas' clothing by unshackling each limb one at a time in order to take that portion of his clothing off. Defendants eventually stripped Plaintiff Thomas completely naked and pinned him to the floor. Defendants Nodine, Simester, Nushardt and Jaburek then forced Plaintiff Thomas to his knees, pinned his head to the wall, and then yanked his ankles from underneath him, which caused deep lacerations to his knees. As a result, Plaintiff Thomas was left on his stomach in a hogtied position. Defendants Nodine, Simester, Nushardt and Jaburek then began to pull Plaintiff Thomas' thumbs back causing pain, and they continuously pushed his face against the wall even while he was restrained.

16. While Plaintiff was still in the shower, Defendant Simester spit onto Plaintiff Thomas twice.

17. That same day, Plaintiff was eventually medically treated for the exposure to the toxic chemical agent forty-five minutes after being exposed to the chemical agent. He was also treated for the lacerations to his knees.

4

18.     Between August 26, 2013 and August 28, 2013, Plaintiff requested medical treatment for his head injuries and was not seen.  Plaintiff Thomas never received medical treatment for his head injuries, which resulted in headaches and dizziness for several days after the incident on August 26, 2013.

### IV.     Exhaustion Of Legal Remedies

19.     Plaintiff Thomas filed a grievance on August 30, 2013 presenting the facts contained within this complaint.  On May 5, 2014, Plaintiff Thomas' grievance was denied.  On June 4, 2014 Plaintiff appealed to the Administrative Review Board who remanded his grievance because Plaintiff Thomas did not receive a face to face meeting regarding his grievance.  On February 10, 2015, an amended grievance report denying Plaintiff Thomas' grievance was sent back to the Administrative Review Board, and the grievance was denied by the Administrative Review Board on February 10, 2015.

### V.     Legal Claims

20.     Plaintiff re-alleges and incorporates by reference paragraphs 1-19

21.     Defendant Evans used excessive force against Plaintiff Thomas when he, without justification, ordered and authorized the activation of the Stateville Tactical Team to physically remove Plaintiff Thomas from Cell F210, and he failed to intervene to stop the physical removal and subsequent beating of Plaintiff Thomas even though he knew there was no legal justification.  Defendant Evans' actions and failure to intervene violated Plaintiff Thomas' rights under the Eighth

Amendment to the United States Constitution, and caused Plaintiff Thomas pain, suffering, physical injury and emotional distress.

22. Defendants Nodine, Simester, Nushardt and Jaburek used excessive force against Plaintiff Thomas when they, without legal justification, sprayed him with a toxic chemical agent, pushed him to the back of cell F210 with a shield, pinned him to the ground, repeatedly punched him, repeatedly kicked him, choked him, repeatedly stomped and kneed him, drug him from his cell to the shower, snatched his ankles from underneath him, pinned his head to the wall, and pulled his thumbs back. Defendants Nodine, Simester, Nushardt and Jaburek failed to intervene at any time to stop the excessive force that was being used against Plaintiff Thomas. Defendants Nodine, Simester, Nushardt and Jaburek's actions and failure to intervene violated Plaintiff Thomas' rights under the Eighth Amendment to the United States Constitution, and caused Plaintiff Thomas pain, suffering, physical injury and emotional distress.

23. Plaintiff Thomas demands trial by jury.

## VI. Prayer For Relief

WHEREFORE, Plaintiff Thomas respectfully prays that this court enter judgment:

24. Granting Plaintiff compensatory damages, in an amount to be determined by the trier of fact against each defendant, jointly and severally, and

25. Granting Plaintiff punitive damages, in an amount to be determined by the trier of fact against each defendant, jointly and severally.

26. Plaintiff also seeks the recovery of his costs in this suit, and

27.	Any additional relief this court deems just, proper, and equitable.

>	By:	/s/ Daniel Watkins, II
>		MELVIN L. BROOKS
>		DANIEL WATKINS, II
>		JAMES D. MONTGOMERY & ASSOCIATES, LTD.
>		One North LaSalle Street, Suite 2450
>		Chicago, IL  60602
>		(312) 977-0200